UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE MAURICE CALLOWAY,

        Plaintiff,              Civil Action No. 4:26-CV-11468
v.                           Honorable F. Kay Behm
                               United States District Judge

TROY CHRISMAN, et. al.,

        Defendants,

_____/

### <u>OPINION AND ORDER SUMMARILY DISMISSING<br>THE CIVIL RIGHTS COMPLAINT</u>

### I.  Introduction

Before the Court is Plaintiff Andre Maurice Galloway's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan. The Court has reviewed the complaint and now **DISMISSES WITH PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

### II. Standard of Review

Plaintiff has been allowed to proceed without prepayment of fees.  *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F.3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the

2

offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

### III.  Complaint

At the time of the alleged incident, Plaintiff was incarcerated at the Charles Egeler Reception and Guidance Center in Jackson, Michigan.  Plaintiff was assigned to sleep on the top bunk of a bunk bed.  The inmates at this facility were not provided ladders to climb up to the top bunk beds but only provided a plastic chair to gain access to the top bunk.  Plaintiff had complained to several of the defendants that the lack of a ladder to gain access to his top bunk created an unsafe condition that posed a risk to Plaintiff.  Plaintiff asked to be reassigned to a lower bunk bed, but his request was denied.

On November 17, 2025, Plaintiff was climbing off the top bunk bed.  Because the bunk bed was not bolted to the wall, it moved as Plaintiff began climbing off the bed.  Plaintiff missed the chair that had been provided for him, causing him to fall five feet to the ground.  Plaintiff's back was injured.  Plaintiff was immediately taken to the Duane Waters Hospital (DWH) where he received two injections and prescribed Naproxen.  X-rays were scheduled to be performed

but Plaintiff claims that to this date they have not been done.  Plaintiff claims he still suffers from lower back pain from the fall.

Plaintiff alleges that the defendants created a hazardous condition by failing to provide him a ladder to access the top bunk bed.  Plaintiff seeks monetary damages and requests that X-rays be performed.

### IV. Discussion

The complaint is dismissed because Plaintiff failed to state a claim for relief.

Plaintiff's main complaint is that the defendants created a hazardous or unsafe condition by failing to provide him a ladder with which to access his top bunk.  Plaintiff claims that the plastic chair provided by the defendants was inadequate for him to safely access his top bunk.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation marks omitted).  To succeed on an Eighth Amendment claim, a prisoner must establish two elements, one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The objective component requires a prisoner to show that the conduct was "sufficiently serious." *Rafferty v. Trumbull County, Ohio*, 915 F.3d 1087, 1094

(6th Cir. 2019) (quotation omitted).  This "is a contextual inquiry that is responsive to contemporary standards of decency."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quotation omitted).  The subjective component requires that the defendant acted with a "sufficiently culpable state of mind."  *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

A prison's failure to provide an inmate with a ladder to reach a top bunk does not violate the Eighth Amendment because it "does not amount to a deprivation of 'a minimal civilized measure of life's necessities.'"  *Connolly v. Cnty. of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (quoting *Farmer v. Brennan*, 511 U.S. at 834); *see also McNinch v. Spur,* No. 21-12671, 2022 WL 4551861, at *4 (E.D. Mich. July 14, 2022), *report and recommendation adopted*, No. 21-12671, 2022 WL 4542245 (E.D. Mich. Sept. 28, 2022) ("since the courts that have passed on the issue have found the lack of ladders does not violate the constitution…prisoners have no clearly established right to a ladder to access the top bunk"); *Moore v. United States*, 4:12CV0348, 2012 WL 2412096, * 5 (N.D. Ohio June 26, 2012) ("[t]he failure to install bunk bed ladders [for inmates] does not rise to the level of an 'extreme deprivation' for purposes of demonstrating an Eighth Amendment violation."); *Robinett v. Correctional Training Facility*, No. 09-3845, 2010 WL 2867696, at *2 (N.D. Cal. July 20, 2010) ("[L]adderless bunk beds do not satisfy the objective prong for an Eighth Amendment violation.").

This is particularly so in Plaintiff's case where the prison provided him a chair with which to gain access to his top bunk.  *See Armstrong v. Terrebonne Parish Sheriff*, No. 06-573, 2006 WL 1968887, *6 (E.D. La. June 6, 2006) (a swivel chair is a reasonable and constitutional means of accessing the top tier of a ladderless bunk).  In fact, several district judges in the Sixth Circuit have rejected Eighth Amendment claims involving prison officials' failure to provide even a chair for prisoners to gain access to their top bunk beds.  *McGowan v. Young*, No. 17-11599, 2018 WL 1324740, at *4-5 (E.D. Mich. Mar. 15, 2018); *McCray v. Sherry*, No. 08-106, 2009 WL 2477299, at *1, 4 (W.D. Mich. Aug. 11, 2009).

In light of the foregoing, this Court concludes that prison officials' failure to provide Plaintiff with a ladder to reach his top bunk bed did not violate the Eighth Amendment, particularly where Plaintiff was given a chair to gain access to his top bunk.

Plaintiff in his relief section asks this Court to order that X-rays be performed.  Plaintiff does not specifically allege that prison officials have been deliberately indifferent to his medical needs but to the extent that his complaint could be construed as raising such a claim, he is not entitled to relief for several reasons.

The Eighth Amendment to the U.S. Constitution requires prison officials to provide adequate medical care to prisoners.  *Farmer v. Brennan*, 511 U.S. at 832;

*Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994).  The Eighth Amendment prohibition against unnecessary and wanton infliction of pain is violated when there is deliberate indifference to the serious medical needs of an inmate.  *Hicks v. Grey*, 992 F.2d 1450, 1454-1455 (6th Cir. 1993).

The test to ascertain whether prison or jail officials were deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment prohibition against cruel and unusual punishment, has both an objective and subjective component.  *Napier v. Madison County, Ky.,* 238 F.3d 739, 742 (6th Cir. 2001) (citing to *Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000)).  Under the objective component, the inmate must establish that the alleged deprivation is sufficiently serious and poses a substantial risk of serious harm.  The subjective component is established if the inmate shows that prison officials had a "sufficiently culpable state of mind."  *Napier v. Madison County, Ky.,* 238 F.3d at 742 (citing to *Farmer v. Brennan,* 511 U.S. at 834).

This Court notes that "[t]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original); *see also Lewellen v. Metropolitan Government of Nashville and Davidson County, Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) ("it is now firmly settled that injury caused by negligence does not constitute a 'deprivation' of any constitutionally protected

7

interest."). Likewise, a complaint that a doctor or other health provider was negligent in diagnosing or treating a medical condition of a prisoner does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanderfer v. Nichols,* 62 F.3d 151, 154 (6th Cir. 1995). "[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle,* 429 U.S. at 106. An Eighth Amendment claim of deliberate indifference must be supported by more than mere negligence. *See Harrison v. Ash,* 539 F.3d 510, 522 (6th Cir. 2008). Thus, "[w]hen a [medical professional] provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff does not allege that the defendants completely ignored his back injury medical condition but only alleges that they have failed to order X-rays of his back. "A disagreement with a course of medical treatment does not rise to the level of a federal constitutional claim under the Eighth Amendment." *Rhinehart v. Scutt*, 894 F.3d 721, 744 (6th Cir. 2018). Instead, "'forms of treatment' are generally 'a classic example of a matter for medical judgment' that 'does not represent cruel and unusual punishment.'" *Id.,* at 744-45 (quoting *Estelle*, 429 U.S. at 107)). The failure by prison personnel to perform an X-ray or to use

additional diagnostic techniques does not constitute cruel and unusual punishment but is at most medical malpractice. *Estelle,* 429 U.S. at 107; *see also Grose v. Correctional Medical Services, Inc.,* 400 F. App'x 986, 988 (6th Cir. 2010); *Durham v. Nu'Man,* 97 F.3d 862, 868 (6th Cir. 1996).

The second problem with any medical claim is that Plaintiff does not allege that any of the named defendants were responsible for his medical care.

A plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983. *See Monell v. Department of Social Svs.,* 436 U.S. 658, 691-92 (1978) (Section 1983 liability cannot be based upon a theory of respondeat superior or vicarious liability); *Everson v. Leis,* 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections,* 69 F.3d 716, 727-28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States,* 704 F.2d 246, 251 (6th Cir. 1983).

Plaintiff does not allege that any of the named defendants were responsible for his medical care in prison. Plaintiff's medical care allegations are subject to dismissal because he has failed to allege or show that the named defendants had any personal involvement in his medical treatment or that they were aware that

9

other prison employees had failed to provide adequate medical care to Plaintiff during his incarceration.  *See Tate v. Lowery*, 73 F. App'x 866, 868 (6th Cir. 2003).

## V.  ORDER

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Based on the preceding order, this Court certifies that any appeal by Plaintiff would be frivolous and not in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED.**

Date: May 19, 2026                                    s/F. Kay Behm
                                                      F. Kay Behm
                                                      United States District Judge