**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDRE MAURICE CALLOWAY,

        Plaintiff,                  Civil Action No. 4:26-CV-11468

v.                                  Honorable F. Kay Behm

                                  United States District Judge

TROY CHRISMAN, et. al.,

        Defendants,

_____/

## OPINION AND ORDER DENYING THE MOTION FOR RECONSIDERATION OR TO AMEND THE CIVIL RIGHTS COMPLAINT (ECF No. 10)

Plaintiff Andre Maurice Galloway is a state inmate who filed a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint for failing to state a claim upon which relief can be granted. *Calloway v. Chrisman*, No. 4:26-CV-11468, 2026 WL 1398616 (E.D. Mich. May 19, 2026).

Before the Court is Plaintiff's motion for reconsideration or in the alternative to amend the complaint. For the reasons that follow, the motion is denied.

Motions for reconsideration of final orders and judgments are no longer permitted under Local Rule 7.1 but must be brought under Federal Rules of Civil Procedure 59(e) or 60(b). *See Blackwell v. Nocerini*, 123 F.4th 479, 485 (6th Cir. 2024) (citing See E.D. Mich. LR 7.1(h)(1)). Plaintiff is proceeding *pro se*; the motion for reconsideration is construed as a motion to alter or amend judgment

1

filed under Fed. R. Civ. P. 59, since both motions are analogous.  *Cf. Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999) (treating motion to alter or to amend judgment filed by a *pro se* habeas petitioner as a motion for reconsideration filed under Local Rule 7.1).

The decision of whether to grant a motion to alter or amend judgment under Fed. R. Civ. P. 59 is discretionary with the district court.  *Davis by Davis v. Jellico Cmty. Hosp., Inc.*, 912 F.2d 129, 132 (6th Cir. 1990).  A motion to alter or amend judgment will generally be granted if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice.  *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).  "A Rule 59 motion 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486, n. 5 (2008) (additional quotation omitted)).  In addition, a Rule 59(e) motion to alter or amend judgment is not a substitute for an appeal.  *See Johnson v. Henderson*, 229 F. Supp. 2d 793, 796 (N.D. Ohio 2002).

Plaintiff's primary allegation in his original complaint was that the defendants created a hazardous or unsafe condition by failing to provide him a ladder with which to access his top bunk.  Plaintiff claimed that the plastic chair

provided by the defendants was inadequate for him to safely access his top bunk. This Court rejected the claim, finding that the defendants' failure to provide Plaintiff with a ladder to reach his top bunk did not violate the Eighth Amendment to the Constitution, particularly where a plastic chair was provided to Plaintiff to access his bunk:

> A prison's failure to provide an inmate with a ladder to reach a top bunk does not violate the Eighth Amendment because it "does not amount to a deprivation of 'a minimal civilized measure of life's necessities.'" *Connolly v. Cnty. of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (quoting *Farmer v. Brennan*, 511 U.S. at 834); *see also* McNinch v. Spur, No. 21-12671, 2022 WL 4551861, at *4 (E.D. Mich. July 14, 2022), *report and recommendation adopted*, No. 21-12671, 2022 WL 4542245 (E.D. Mich. Sept. 28, 2022) ("since the courts that have passed on the issue have found the lack of ladders does not violate the constitution...prisoners have no clearly established right to a ladder to access the top bunk"); *Moore v. United States*, 4:12CV0348, 2012 WL 2412096, * 5 (N.D. Ohio June 26, 2012) ("[t]he failure to install bunk bed ladders [for inmates] does not rise to the level of an 'extreme deprivation' for purposes of demonstrating an Eighth Amendment violation."); *Robinett v. Correctional Training Facility*, No. 09-3845, 2010 WL 2867696, at *2 (N.D. Cal. July 20, 2010) ("[L]adderless bunk beds do not satisfy the objective prong for an Eighth Amendment violation."). This is particularly so in Plaintiff's case where the prison provided him a chair with which to gain access to his top bunk. *See Armstrong v. Terrebonne Parish Sheriff*, No. 06-573, 2006 WL 1968887, *6 (E.D. La. June 6, 2006) (a swivel chair is a reasonable and constitutional means of accessing the top tier of a ladderless bunk). In fact, several district judges in the Sixth Circuit have rejected Eighth Amendment claims involving prison officials' failure to provide even a chair for prisoners to gain access to their top bunk beds. *McGowan v. Young*, No. 17-11599, 2018 WL 1324740, at *4-5 (E.D. Mich. Mar. 15, 2018); *McCray v. Sherry*, No. 08-106, 2009 WL 2477299, at *1, 4 (W.D. Mich. Aug. 11, 2009).

> In light of the foregoing, this Court concludes that prison officials'
> failure to provide Plaintiff with a ladder to reach his top bunk bed did
> not violate the Eighth Amendment, particularly where Plaintiff was
> given a chair to gain access to his top bunk.

*Calloway v. Chrisman*, 2026 WL 1398616, at *2–3.

Plaintiff in his current motion asks this Court to reconsider its decision to dismiss Plaintiff's claim on the ground that the Court should have liberally construed the claim to include an allegation that prison officials forced him to use equipment that was not designed for stepping or climbing up to a top bunk. Plaintiff claims that the chair that he was given to use gave way and caused him to fall. Plaintiff, however, already essentially made this allegation in his original complaint when he argued that prison officials violated his Eighth Amendment rights by not providing him a ladder to reach his top bunk. This portion of Plaintiff's motion for reconsideration will be denied, because he is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court rejected Plaintiff's Eighth Amendment claim. *See Hence v. Smith*, 49 F. Supp. 2d at 553.

Plaintiff in his motion also asks this Court to reconsider its decision to deny his related medical claim, requesting additional time to provide the Court with the names of the persons who denied him medical care.

Plaintiff did not specifically raise a medical claim in his complaint but in his relief section asked that X-rays be performed for the injuries sustained from him

4

falling while trying to reach the top bunk.  Although the Court rejected the complaint in part because Plaintiff failed to name in his original complaint the persons responsible for denying his request for X-rays, *Calloway v. Chrisman*, 2026 WL 1398616, at *4, the Court rejected Plaintiff's medical claim primarily because  the failure by prison personnel to perform an X-ray or to use additional diagnostic techniques does not amount to cruel and unusual punishment but is at most medical malpractice, which is not a violation of the Eighth Amendment.  *Id.* at *3.  The Court will not reconsider its decision to deny Plaintiff's medical claim because even if he named the persons responsible for denying him X-rays, the complaint would not state a claim for relief.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires."  A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* (IFP) suits.  *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). However, "leave to amend should be denied if the amendment would be futile." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014).  The Court denies Plaintiff's request to amend the complaint because the allegations raised in

5

his current motion  are similar to the ones raised in his original complaint, which as mentioned above, were rejected.

Accordingly, it is **ORDERED** that the motion for reconsideration or to amend the civil rights complaint (ECF No. 10) is **DENIED.**

SO ORDERED.

Date: June 18, 2026                    s/F. Kay Behm
                                       F. Kay Behm
                                       United States District Judge